ANTONIO SIMEONE *et al. vs.* GIOVANNI ANTONELLI *et al.*

NOVEMBER 4, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity seeking specific performance of an agreement entered into between the parties hereto to compromise a certain partition suit pending between them. The cause was heard in the Superior Court on bill, answer and proof, the prayer for specific performance was granted and final decree was entered directing respond-

ents to specifically perform and carry out the terms of said agreement and enjoining them permanently from further prosecuting the partition suit. The cause is before this court on the respondents' appeal on the grounds that the final decree is against the law, the evidence and the weight thereof.

The complainants allege in their bill of complaint, and introduced testimony to that effect, that on July 18, 1930, they and the respondents herein were seized in fee simple as tenants in common of a certain tract of land with buildings thereon situated in Providence; that on said date the respondents herein filed a bill in equity in the Superior Court against said complainants, praying for partition of the aforesaid real estate and an accounting; that subsequently, on August 4, 1930, the attorneys for the parties with their knowledge and approval entered into an agreement to compromise and adjust the various differences between them which had resulted in the bringing of the bill for partition and an accounting. This agreement of compromise, which is set out in a receipt for the first payment of three hundred dollars signed by the attorney for the respondents, is as follows:

"State of Rhode Island,
Providence, Sc.                         Superior Court.

GIOVANNI ANTONELLI *et al.*
            *vs.*                    Eq. No. 10330.
ANTONIO SIMEONE *et al.*

Providence, R. I., August 4th, 1930.

Received from George F. O'Shaugnessy, Attorney for Antonio Simeone and wife, Carmela Simeone, Three Hundred ($300.) Dollars on account of the settlement of the equity suit entitled *Giovanni Antonelli et al.* vs. *Antonio Simeone et al.* for $2422.00, as follows:

$2000.00, money paid on account of the property at 153 Cedar Street, Providence, R. I., $212.00 interest on the same to August 4th, 1930, $200.00

on account of the settling said case and $10.00 interest on the $2000.00, to September 3rd, 1930 the date to which said equity case was continued. The balance of the amount agreed upon in settlement is $2122.00, which shall become due and owing to the said Giovanni Antonelli and wife on September 4th, 1930, at which time said Giovanni Antonelli and wife will convey all their right, title and interest in said property at said 153 Cedar Street, to said Antonio Simeone and wife.

Out of the balance of $2122.00, the sum of $500.00 shall be retained and deposited in the names of William H. McSoley and George F. O'Shaugnessy, to be held as trustee, until the termination of the case against Giovanni Antonelli wherein he is named as defendant and now pending in the Supreme Court upon which Antonio Simeone went as bail to release the attachment on his personal property.

WILLIAM H. McSOLEY,
*Solicitor for Giovanni Antonelli
and wife."*

Subsequently the respondents refused to perform this agreement of settlement and their attorney, upon learning this fact, withdrew from the case and ceased to have any further connection with it.

The complainants contend that they were at all times ready and willing to perform the agreement on their part.

It was conceded at the trial in the Superior Court that the respondent Giovanni Antonelli did authorize his attorney to enter into the compromise agreement but it was claimed by the respondents that his wife Antonia did not consent to the compromise, or authorize her attorney to enter into such agreement, and was ignorant of the details of the same. The principal question of fact thus raised in the court below was whether the respondent Antonia authorized her attorney to enter into the written agreement

of compromise. The testimony on this point was conflicting. The trial justice who heard and saw the witnesses, found as a fact that both respondents authorized their attorney to enter into the compromise agreement. This finding of fact by the trial justice should not be set aside unless it clearly fails to do justice between the parties. *Nichols* v. *Hoxie,* 33 R. I. 77; *Blomen* v. *Barstow Co.,* 35 R. I. 198; *Preble* v. *Higgins,* 43 R. I. 10; *Hurst* v. *Brayton, Ibid.* 378; *Westchester Mortgage Co.* v. *Newport Trust Co.,* 50 R. I. 263.

An examination of the record with respect to the proposed compromise shows discussions regarding the same among the respondents, their attorney and others. In the case of the wife (who did not speak English) an interpreter testified that it was explained to her; that she understood what was being discussed and insisted on an extra hundred dollars being included in the compromise agreement, and that after the inclusion of this sum she was satisfied and agreed to the same.

That the parties were in court for the purpose of trying the case and, after much discussion between them, left without proceeding to trial is in itself inconsistent with the respondent Antonia's claim that she was entirely ignorant of the agreement of compromise. The evidence and the probabilities of the case strongly tend to establish the contention of the complainants that the agreement was entered into with her knowledge and consent.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*O'Shaunessy & Cannon,* for complainants.

*Benjamin Cianciarulo,* for respondents.